IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEVIN WILLIAMS,** | : | Civil No. 1:18-CV-02055 |
| **Plaintiff,** | : | |
| v. | : | |
| **SECRETARY JOHN E. WETZEL,** *et al.* | : | |
| **Defendants.** | : | **Judge Sylvia H. Rambo** |

## <u>M E M O R A N D U M</u>

Before the court are the objections (Doc. 28) filed by Plaintiff Kevin Williams ("Williams"), a *pro se* inmate, to the Report and Recommendation of Chief Magistrate Judge Susan E. Schwab (Doc. 23) concerning the motion to dismiss for failure to state a claim (Doc. 16) filed by Defendants. For the reasons set forth, the court will adopt the Report and Recommendation in part.

### I. **Background**

Williams's complaint asserts a series of disjointed allegations occurring in 2013 and 2014 during his incarceration at SCI Mahoney and SCI Forest. For example, Williams alleges that in 2013, prison officials cut one of his showers short, served him undercooked food, attempted to goad him into a fight, and refused to allow him to return to the commissary a typewriter ribbon that he realized after its purchase was used. Williams also alleges that in 2014, he was placed into a restricted housing unit without justification, and was thereafter denied the opportunity to

1

present witnesses at a hearing. He further claims that in 2014, after he was temporarily transferred to SCI Camp Hill, prison officials temporarily lost or intentionally misplaced his belongings. Williams avers that this and other conduct constitutes official oppression, retaliation, theft, and a violation of his rights to due process and to access the courts.

Defendants move to dismiss the complaint under Rules 12(b)(6) and 20 of the Federal Rules of Civil Procedure. They argue that the complaint is time barred; that the defendants and claims are improperly joined; and that the complaint fails to adequately allege supervisory liability by Secretary John E. Wetzel ("Wetzel"), Superintendent Kerestes ("Kerestes"), and the Program Review Committee (the "PRC"). The motion was briefed and referred to Chief Magistrate Judge Susan E. Schwab, who issued a Report and Recommendation recommending that the motion be granted and the complaint be dismissed with prejudice. Williams filed timely objections.

## II. Discussion

### a. It is not clear from the face of the complaint that Williams's claims are time barred.

The Report and Recommendation recommends dismissing the complaint with prejudice on the basis that it violates the two-year statute of limitations that attaches to § 1983 actions asserted in Pennsylvania. Williams objects to this recommendation and argues that his claims are timely. While Williams acknowledges that the

affirmative acts about which he complains occurred outside the two-year statute of limitations, he cites the substantial time it took to complete the grievance processes that he subsequently initiated. (*See* Doc. 28, pp. 4-6.) Liberally construed, this position could be interpreted as arguing that the statute of limitations tolled while Williams exhausted his remedies through the grievance process.[1] Such is the law in the Third Circuit. *Pearson v. Sec'y Dep't of Corr.*, 775 F.3d 598, 603 (3d Cir. 2015).

Williams alleges sufficient facts to support tolling here. The complaint alleges that Williams filed a multitude of grievances and appeals regarding his allegations in an effort to exhaust his remedies, some of which kicked off lengthy processes. (*See* Doc. 1, pp. 3, 5, 9; *see also* p. 7 ("Plaintiff has exhausted every issue raised through the grievance system.").) One exhibit attached to the complaint indicates that in October 2015, Williams was continuing to grieve and appeal matters that occurred more than 13 months prior. (*Id.*, p. 21; *see also* Doc. 28, p. 2 (arguing that the complaint is timely because Williams received a response to his August 2014 grievance in November 2016).) Therefore, while it remains unclear whether Williams's complaint is in fact timely, he has not pleaded himself out of court based on the statute of limitations. *See Wisniewski v. Fisher*, 857 F.3d 152, 158 (3d Cir. 2017) ("Although Wisniewski's amended complaint revealed that certain instances

---

[1] Submissions by *pro se* litigants are "entitled to a liberal construction." *Booth v. Churner*, 70 F. App'x 57, 58 (3d Cir. 2003).

of allegedly unconstitutional conduct occurred more than two years prior to the filing of the complaint…the allegations did not rule out the possibility that the statute of limitations should have been tolled while Wisniewski exhausted his administrative remedies.").

b. The PRC is immune from suit.

The Report and Recommendation also recommends dismissing the PRC because as a branch of the Department of Corrections, it is an agency of the state and not a "person" under § 1983, thereby immunizing it from liability under the statute. Williams makes no discernable objection to this recommendation, which the court finds to be appropriate and in accord with Third Circuit authority. Thus, the court adopts this portion of the Report and Recommendation and dismisses the PRC from this action with prejudice.[2]

c. The complaint violates Rule 20 of the Federal Rules of Civil Procedure.

The Report and Recommendation further recommends finding that Williams's complaint violates Rule 20 of the Federal Rules of Civil Procedure. It reasons that the complaint runs afoul of Rule 20 by asserting a panoply of disjointed allegations against various defendants that do not arise from the same transaction or

---

[2] While it does not appear that Defendants moved for dismissal on this basis, the court is required by statute to dismiss claims asserted in proceedings *in forma pauperis* that it determines fail to state a claim upon which relief may be granted or that seek monetary relief from defendants that are immune from such relief. *See* 28 U.S.C. §§ 1915 (e)(2)(B)(ii)-(iii).

4

occurrence, or assert a right to relief for joint and several liability, or share common questions of fact or law. Accordingly, it recommends dismissing the complaint without prejudice as asserted against all defendants other than U.M. Griffin, who is the subject of the complaint's most developed allegations. Williams does not make any discernable objection to this portion of the Report and Recommendation. After careful review, the court finds this recommendation well-reasoned, consistent with binding precedent, and the most practical way forward given the deficiencies identified in the complaint. Therefore, the court adopts this portion of the Report and Recommendation and dismisses without prejudice from this action all defendants other than U.M. Griffin.[3]

> d. The complaint fails to plead supervisory liability by Wetzel and Kerestes.

Finally, the Report and Recommendation recommends dismissing Wetzel and Kerestes from this action because the complaint fails to sufficiently allege their personal involvement.[4] Upon careful review of the complaint, applicable law, and the analysis contained in the Report and Recommendation, the court agrees that this deficiency provides an additional basis upon which to dismiss Wetzel and Kerestes,

---

[3] This specific holding also does not apply to the PRC which, as discussed above, is dismissed with prejudice.

[4] The Report and Recommendation also recommends finding that Williams fails to plead supervisory liability by the PRC. The court agrees. However, it need not adopt this recommendation because the PRC is dismissed with prejudice.

5

albeit without prejudice. *See Phillips v. Cty. of Allegheny,* 515 F.3d 224, 228 (3d Cir. 2008).

### III. Conclusion

For the reasons set forth, the court adopts the Report and Recommendation in part and grants Defendants' motion to dismiss insofar as (1) all defendants other than U.M. Griffin are dismissed without prejudice, and (2) the PRC is dismissed with prejudice. An appropriate order shall follow.

*/s/ Sylvia H. Rambo*
SYLVIA H. RAMBO
United States District Judge

Dated: February 10, 2020